

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,788

### ANTHONY BARTEE, Appellant

### v.

### THE STATE OF TEXAS

### ON DIRECT APPEAL FROM CAUSE NO. 1997-CR-1659
### IN THE 175TH JUDICIAL DISTRICT COURT
### BEXAR COUNTY

*Per Curiam*. HERVEY, J., *not participating*.

### O P I N I O N

In May 1998, a jury found appellant guilty of the offense of capital murder. The

jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure

Article 37.071, and the trial court, accordingly, set appellant's punishment at death. This

Court affirmed appellant's conviction and sentence on direct appeal. *Bartee v. State*, No.

AP-73,126 (Tex. Crim. App. May 3, 2000)(not designated for publication). Appellant

filed his initial post-conviction application for writ of habeas corpus in the convicting

court on January 3, 2000. This Court denied appellant relief. *Ex parte Bartee*, No. WR-63,381-01 (Tex. Crim. App. Mar. 8, 2006)(not designated for publication). Appellant's first subsequent application was filed in the trial court on April 20, 2011, and this Court dismissed it. *Ex parte Bartee*, No. WR-63,381-02 (Tex. Crim. App. Sept. 14, 2011)(not designated for publication). This Court dismissed his second subsequent application on February 29, 2012. *Ex parte Bartee*, No. WR-63,381-04 (Tex. Crim. App. Feb. 29, 2012)(not designated for publication).

On March 1, 2012, the trial court granted appellant's motion for post-conviction DNA testing and ordered additional testing. After the testing lab filed its report, the trial court held a hearing and found that appellant had failed to show that, had the results of the DNA testing been available during the trial of this offense, it is reasonably probable that appellant would not have been convicted. Appellant filed an appeal which was received by this Court on April 30, 2012.

Also on April 30, 2012, appellant filed in the trial court another motion for post-conviction DNA testing and a motion to withdraw the currently scheduled execution date of Wednesday, May 2, 2012. The trial court denied the motion for DNA testing because appellant failed to state sufficient facts in support of his motion. The court further found that, even if an unidentified profile could be developed from this evidence, at best it would create an exculpatory inference. However, such an inference would not be outweighed by other evidence in the case establishing appellant's guilt. Appellant has

now appealed this ruling.

The trial court's findings are supported by the record.  Finding no reversible error in the proceedings below, we affirm the judgment of the trial court and deny appellant's motion to stay his execution.

Delivered:    May 2, 2012
Do Not Publish